UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KAREN B., ) | |
|        Plaintiff, ) | |
| ) | |
|   v. ) | CAUSE NO.: 3:20-CV-203-JVB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|        Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Karen B. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's March 22, 2017 applications for benefits, she alleged that she became disabled on March 7, 2017. After an October 29, 2018 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of lumbar degenerative disc disease, obesity, history of left retrocalcaneal exostectomy with detachment and reattachment of the Achilles tendon, and degenerative changes in the second through fifth proximal interphalangeal joint and distal interphalangeal joint. (AR 17-18). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; the claimant can tolerate

frequent exposure to extreme heat and cold, humidity, fumes, odors, dusts, gases, and poor ventilation; and the claimant should avoid unprotected heights and dangerous moving machinery.

(AR 21). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform her past relevant work. However, the ALJ found that Plaintiff was able to perform the representative occupations of office nurse, medical assistant, and podiatric assistant. Accordingly, the ALJ found Plaintiff to be not disabled from March 7, 2017, through January 25, 2019, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred by determining Plaintiff's physical RFC through reliance on the state agency reviewing physicians' outdated opinions, by not discussing Plaintiff's ability to reach and her exertional dyspnea, by making errors in finding Plaintiff's mental RFC, and by evaluating Plaintiff's allegations in a manner contrary to pertinent regulations.

The ALJ noted that her RFC findings "are generally consistent with or somewhat more restrictive than the opinion of the state agency physicians in 2017, who determined that the claimant was able to complete less than a full range of light work." (AR 24). That ALJ stated that she "is in essential agreement with [the state agency physicians'] analysis. However, the undersigned has also considered updated evidence, as well as the claimant's hearing testimony, including the claimant's reports of falling." *Id.*

The ALJ acknowledged Plaintiff's pre-hearing statements that her impairments leave her able to walk five hundred feet before needing to stop and rest and Plaintiff's hearing testimony that she falls up to five times a week, cannot ride a bike, can stand no longer than ten minutes, and can walk only fifteen minutes. (AR 22). The ALJ found that "substantial evidence of record does not necessarily support the severity of limitation that the claimant alleges." *Id.*

The state agency physicians opined that Plaintiff could perform light work with the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery and heights. (AR 63-65, 81-83).

The ALJ's RFC finding was more restrictive than the state agency physicians' opinions by only permitting frequent exposure to extreme heat/cold and humidity and dictating the avoidance of unprotected heights and dangerous moving machinery. Where the state agency physicians opined no "concentrated exposure" to fumes, odors, dusts, gases, and poor ventilation, the ALJ found that only "frequent exposure" could be tolerated. Regarding Plaintiff's ability to sit, stand, walk, lift, and carry, the ALJ's finding agrees with the state agency physicians' opinions.

The state agency physicians indicated that the opined postural limitations were due to diminished sensation on Plaintiff's feet. (AR 64, 82). The only evidence noted by the state agency physicians regarding Plaintiff's spine are August 2013 x-rays indicating moderate facet arthropathy at the lumbosacral junction. (AR 65, 83).

Plaintiff's medical records show that a lumbar spine x-ray dated November 8, 2017, showed moderate facet arthropathy at L4-5 and L5-S1, mild facet arthropathy at L3-4, and severe degenerative disc disease at L4-5 and L5-S1. (AR 862). A June 7, 2018 MRI of the lumbar spine showed multilevel stenosis and facet hypertrophy. (AR 836). These imaging reports postdate both state agency physicians' opinions and were therefore not considered in those opinions.

Plaintiff argues that the ALJ impermissibly "played doctor" and interpreted the x-ray and MRI evidence instead of submitting it to medical scrutiny. As part of the care plan developed in light of the November 8, 2017 x-ray, Plaintiff was prescribed physical therapy. (AR 863). The ALJ considered the physical therapy notes showing no pain, intact strength, and no use of an assistive device. (AR 23). The ALJ also noted positive straight leg raising in early 2018 and reports of back pain and reduced range of spinal motion but noted that Plaintiff often had a normal gait and was not having issues with ambulation.

4

The physical therapy notes indicate that Plaintiff began care on November 15, 2017, with a primary diagnosis of spondylosis without myelopathy or radiculopathy, lumbar region. (AR 899). She also had diagnoses of radiculopathy, lumbar region, and other intervertebral disc degeneration, lumbar region. *Id.* At her physical therapy discharge in January 2018, Plaintiff had met the goal of 0-1 out of 10 low back pain with standing and walking and had partially met her goals of normal lumbar range of motion and ambulating without gait deviations (AR 888). Because this physical therapy was prescribed due to Plaintiff's x-ray, it was reasonable for the ALJ to look at the physical therapy notes. Instead of using her lay understanding to interpret the x-ray, she relied on the physical therapy notes. The ALJ did not play doctor, and the physical therapy notes provide sufficient medical analysis of the physical restrictions caused by the conditions noted in the x-ray. The Court finds no error here.

The MRI report states that it can be compared to the radiograph series report from August 8, 2013. The 2013 report had findings of no vertebral body compression fracture, well maintained disc spaces, moderate facet arthropathy at the lumbosacral junction, and no spondylolysis. (AR 478). The 2018 MRI had findings of broad-based disc bulges resulting in mild central canal stenosis, facet arthropathy (also causing mild central canal stenosis), mild to moderate left paracentral stenosis, mild left foraminal stenosis, and hypertrophic facet arthropathy appearing to contact the proximal portion of the left S1 nerve root at the lumbosacral level. (AR 835-36). In short, the 2018 findings are more extensive than those found in 2013, which the reviewing physicians had access to. The MRI is also dated after Plaintiff's discharge from physical therapy.

Plaintiff testified at her hearing that she falls up to five times per week, can stand no more than ten minutes, and can walk no more than fifteen minutes. (AR 41, 48). The ALJ did not incorporate these limitations into the RFC, finding that "substantial evidence of record does not

5

necessarily support the severity of limitations that the claimant alleges." (AR 22). The MRI is new and potentially decisive evidence regarding Plaintiff's reports of her abilities. As such, it should have been submitted for medical scrutiny. *See Goins v. Colvin* 764 F.3d 677, 680 (7th Cir. 2014). The Court remands this matter on this basis.

Additionally, the ALJ's decision is devoid of analysis of Plaintiff's ability to reach. The ALJ mentioned that obesity can cause difficulty reaching, and the ALJ noted Plaintiff's testimony of difficulty reaching, but she did not provide any insight into her decision to not include a limit on reaching in Plaintiff's RFC. Given the evidence of Plaintiff's obesity, cervical radiculitis, and degenerative disc disease of the lumbar spine, (AR 392, 827, 862), the ALJ should have discussed Plaintiff's reaching ability so that the Court could trace her reasoning and be assured that she considered the important evidence. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). This provides an independent ground for remand.

In light of the two reasons for remand discussed above and in the interest of judicial economy, further discussion of Plaintiff's additional arguments for remanding this case is not warranted.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of her Motion to Reverse the Decision of the Commissioner of Social Security [DE 19], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on July 16, 2021.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT